356 P.2d 34

J. Earl MORRIS, Plaintiff and Respondent,

v.

.C. Leo CHRISTENSEN and Dale Christensen, Defendants and Appellants.

No. 9217.

Supreme Court of Utah.

Oct. 5, 1960.

K. Samuel King, Salt Lake City, for appellant.

Russell C. Harris, L. L. Summerhays, Salt Lake City, for respondents.

McDONOUGH, Justice.

The question for decision is: was the plaintiff guilty of negligence which proximately contributed to the resulting damage. The trial court held that he was not. Consequently the evidence must be viewed in a light most favorable to the prevailing party.[1]

The collision occurred at the intersection of 9000 South Street and State Street at 6:30 a. m., December 26, 1958. State Street is a four-lane highway at this point, and 90th South Street is a two-lane road. These roads intersect at right angles to one another. Plaintiff J. Earl Morris was driving east on 90th South Street and stopped at State Street as the traffic light was against him. When the light turned green for plaintiff, he waited for a car on State Street to stop. This car was going north in the west inside lane of northbound traffic. It stopped and plaintiff looked north and south before he started across State Street. He testified that as he approached the center of the intersection, he looked to the south, and then he proceeded to cross and was nearly through the intersection when just before the impact he saw the car of defendants.

Defendants were going north on State Street in the outside east lane. Dale Christensen, owner of the car and counterclaimant, was asleep. His father, C. Leo Christensen, defendant, was driving. Defendant J. Leo Christensen testified that he saw the traffic light controlling his lane of traffic, and it was yellow. He further testified that when he looked at the road again he saw plaintiff directly in front of him, and that he drove toward the east in order to avoid hitting plaintiff, but collided with plaintiff's car, striking it on the right front fender and door. Both cars had their lights turned on.

It was the trial court's determination that the negligence of C. Leo Christensen was the sole proximate cause of the collision. Judgment was given in favor of plaintiff and against defendants.

Defendants on appeal allege that the trial court erred in not finding the plaintiff guilty of negligence which proximately contributed to the collision and resulting damage. If any question of negligence arises in regards to plaintiff's conduct it would be as to whether he maintained a proper lookout when he drove through the intersection. Plaintiff started across State Street only after looking in both directions down the lanes of traffic to be crossed. Plaintiff looked again as he came to the center of the intersection, and again as he left the intersection at which time he observed the defendants just prior to the collision. All during this period the traffic semaphore was in plaintiff's favor.

1. Niemann v. Grand Central Market, Inc., 9 Utah 2d 46, 337 P.2d 424, and cases there cited.

■ It is the duty of a driver to observe and to see what there is to see[2] so as to be able to exercise ordinary precaution to prevent collisions such as this. This duty extends to the favored driver with the right of way as well as to the disfavored driver.[3] But he who has the right of way need not anticipate sudden outbursts of negligence on the part of another driver[4] Indeed it may be said that the failure to observe is negligence proximately contributing to the harm only where by observing the driver could have avoided or lessened the resulting harm.[5]

■ The present action does not parallel the case of Johnson v. Syme[6] upon which defendants rely. In that case had plaintiff at any time observed that which she had a duty to observe she would have been able to avoid the collision. In the present action the trial court took an opposite view and concluded that plaintiff's observation would not have forewarned him of the impending hazard. We are not persuaded that plaintiff was negligent as a matter of law, therefore the determination of the trial court must be, and is, affirmed.

CROCKETT, C. J., and WADE, HENRIOD and CALLISTER, JJ., concur.

2. Spackman v. Carson, 117 Utah 390, 216 P.2d 640.
3. Conklin et al. v. Walsh et al., 113 Utah 276, 193 P.2d 437.
4. Martin v. Stevens, 121 Utah 484, 243 P. 2d 747.
5. Ibid.
6. 6 Utah 2d 319, 313 P.2d 468.