497 P.2d 236

**Gideon POLLESCHE and Maria Pollesche, Plaintiffs and Appellants,**

**v.**

**TRANSAMERICAN INSURANCE COMPANY, a California corporation, Defendant and Respondent.**

**No. 12555.**

Supreme Court of Utah.

May 16, 1972.

**432**

Romney & Nelson, Donn E. Cassity, Eugene H. Davis, Salt Lake City, for plaintiffs and appellants.

Rex J. Hanson, P. Keith Nelson, Salt Lake City, for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiffs initiated this action against their motor vehicle insurer to recover under the uninsured motorist clause for personal injuries they sustained in a rear-end automobile accident. The matter was tried before a jury, which returned a verdict of no cause of action against both plaintiffs. Thereafter, the trial court denied plaintiffs' motion for a judgment notwithstanding the verdict and motion for a new trial. Plaintiffs appeal therefrom and seek a new trial.

The accident occurred on State Street in Murray, Utah, in the early afternoon on December 6, 1967. The opposing parties related conflicting stories. Mrs. Thora Patterson, the uninsured motorist, testified that she was proceeding northerly on State Street in the left lane behind the plaintiffs' vehicle. She testified that plaintiff, Gideon Pollesche, the driver, kept applying his brakes for no apparent reason; she did not observe any cars in front of him. Mrs. Patterson contemplated moving to the right lane to pass but she thought that there might be a dog or child that he was waiting to pass and this was the reason for the repeated braking action. She was traveling approximately 25 miles per hour, but she applied her brakes each time she observed the brake light illuminate on the car in front of her. The plaintiffs' vehicle came to a complete stop and the collision occurred. Mrs. Patterson stated that a child apparently standing on the front seat of the Pollesche vehicle was not changed from this position by the force of the impact. Mrs. Patterson related that she was following plaintiffs' vehicle at a length of approximately 20 feet. Following the impact, Mrs. Pollesche put her arm on the seat and turned around and appeared to be watching Mrs. Patterson. Mr. Pollesche stepped out of his car and went to the rear to observe the damage; he then returned to his car, opened the door, spoke to his wife, and she immediately commenced to cry. Shortly thereafter, Mrs. Pollesche was removed from the accident scene by ambulance, complaining of pain. The emergency room records of the Cottonwood Hospital described her injuries as a pain in the cervical spine and a headache.

Mrs. Patterson testified:

. . . But I think there is about three times that he did apply the brakes. And I became kind of irritated. I thought well, why doesn't he either stop or what is causing him to. I felt like he was calling me to hit him. After I thought about it, it seemed like he didn't

want me to hit him too hard, but yet he was letting me slow down enough that I could hit him and not do very much harm to him.

Mr. Pollesche testified that as he proceeded northerly he went through a green light at the Vine Street intersection and approached a second traffic signal approximately a half block away. He observed two cars ahead of him and took his foot off the accelerator and at that moment he was hit from the rear. He denied that he had applied the brakes and stated that at the time of impact he was traveling at a speed of a little less than 25 miles per hour.

Mr. Pollesche had been in two prior accidents in February, 1966, wherein he had sustained back injuries. He had had surgery in February, 1967, wherein he had one disc removed and a fusion in the low back. On February 12, 1968, his doctor observed a failure in the fusion, but on prior examinations on December 13 and 22 and January 10, 1968, following the accident, there was no indication of the disrup-

tion of the fusion. There was further testimony from which the jury could determine either way whether the impact of the collision caused the subsequent movement in the fusion. The medical testimony concerning Mrs. Pollesche was to the effect that the accident aggravated the pre-existing condition of an herniated L4–5 disc, which injury she had sustained in a prior accident in February, 1966. On cross-examination the medical expert admitted that in a previous trial concerning the prior accident, he had testified that with reasonable medical certainty the earlier accident was responsible for the lesion and need for surgery performed in January, 1968.

On appeal plaintiffs assert that the trial court erred by denying their motion for a new trial on the ground that there was an insufficiency of the evidence to justify the verdict, Rule 59(a) (6), U.R.C.P.[1]

A large measure of discretion is vested in the trial court in refusing or granting a motion for new trial on the ground that there is an insufficiency of the evidence to support the verdict and

[1]. Plaintiff, Marie Pollesche, argues that she should have received a directed verdict against the defendant on the issue of liability because the verdict and judgment are not sustained by the evidence. The record does not reveal any motion by counsel for plaintiff for a directed verdict. The failure of a party to make a motion for a directed verdict not only forecloses the trial court from consideration of a motion for judgment notwith- standing the verdict, but such failure in addition precludes the appellate court from reviewing the sufficiency of the evidence to sustain the verdict. Rule 50(b), U.R.C.P.; Brigham v. Moon Lake Electric Assn., 24 Utah 2d 292, 296, 470 P. 2d 393 (1970). Consequently, plaintiff may not allege error on the part of the trial court in its denial of the motion for a judgment notwithstanding the verdict.

judgment.[2] This court cannot substitute its discretion for that of the trial court, and this court will not interfere with such rulings, unless the abuse of, or failure to exercise, discretion on the part of the trial judge is clearly shown.[3] If, upon examination of the evidence as disclosed by the record, it is apparent that there is a substantial conflict of evidence as to material issues of fact in the case relative to which the insufficiency is alleged, this court must hold as a matter of law that no abuse of discretion is shown.

. . . If the evidence, taken as a whole, be reasonably susceptible of opposite conclusions as to the existence or nonexistence of an ultimate fact, depending upon inferences to be drawn therefrom, or the weight to be given to the testimony of this or that witness, or set of witnesses, we must conclusively presume the fact to be such as will support the ruling which we are called upon to review; but if, after giving due consideration to the fact that the trial judge is better able to weigh conflicting evidence, the evidence be such nevertheless as to impel but one reasonable conclusion, and that as to a fact adverse to the ruling, it would be our duty as an appellate court to so declare, notwithstanding there might be some conflict in the evidence.[4]

■ In Moser v. Zions Co-op Merc. Inst.,[5] this court stated that if reasonable minds could have found as the jury did from the evidence before it, then this court cannot say that the trial court abused its discretion in denying the party's motion for new trial on the ground of insufficiency of the evidence to support the verdict.

■ In the instant action, the jury was required to weigh the conflicting evidence and the credibility of the witnesses and to determine the questions of fact thus presented as well as the ultimate fact of negligence. In view of the substantially conflicting evidence and the inferences to be drawn therefrom, fair-minded men might reasonably entertain different conclusions; therefore, this court cannot hold that the trial court abused its discretion in denying plaintiffs' motion for a new trial.

The judgment of the trial court is affirmed. Costs are awarded to defendant.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

2. Brown v. Johnson, 24 Utah 2d 388, 390, 472 P.2d 942 (1970).

3. Moser v. Zions Co-op. Merc. Inst., 114 Utah 58, 65, 197 P.2d 136 (1948).

4. Valiotis v. Utah-Apex Min. Co., 55 Utah 151, 164, 184 P. 802, 808 (1919).

5. 114 Utah 58, 66, 197 P.2d 136 (1948).