Donna LEE, a minor, by her guardian ad litem, Loftin Lee, Plaintiff and Appellant,

v.

Jeanne W. HOWES, Defendant and Respondent.

No. 14128.

Supreme Court of Utah.

April 2, 1976.

Woodrow D. White, Salt Lake City, for plaintiff and appellant.

Robert W. Miller, of Brandt, Miller, Nelson & Christopherson, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff, Donna Lee, a 14-year-old girl, sues (by guardian ad litem) for injuries suffered when she was struck by the defendant's southbound car on 2200 West at about 4250 South in Salt Lake County on the evening of November 5, 1973. A jury answered interrogatories finding that the defendant was not negligent; and also that the plaintiff was herself negligent; and that her negligence was the cause of her own injuries.[1] In accordance therewith the trial court entered a judgment of no cause of action; and subsequently denied a duly filed and presented motion for new trial. Plaintiff appeals, contending: (a) that the court erred in submitting the question of defendant's negligence to the jury instead of so ruling as a matter of law; and (b) that it erred in failing to give a requested instruction.

Plaintiff lives near the corner of Mantle Avenue and 2200 West. That evening she was playing with other children in the neighborhood. There had been throwing of snowballs and she had "washed the face" with snow of a boy who chased her and two other girls toward the street, at a point about 90 feet south of the intersection. The other girls saw defendant's car approaching from the north and stopped. Defendant testified concerning plaintiff: that the "girl just darted right out in front of me," so suddenly that she "could do nothing to avoid the collision." Plaintiff was knocked down, suffering some abrasions and bruises for which she received emergency care at the hospital and was released. Defendant had just gotten off work at the Valley Fair Mall. She was driving home alone in her car southward on 2200 West at a speed of about 25 miles per hour (the posted speed limit is 30 miles per hour).

In support of her argument that the court should have ruled that the defendant was negligent as a matter of law, plaintiff urges that the defendant had told the investigating officer that she was traveling 40 miles per hour; and that this should be credited, rather than the 25 miles per hour as she testified at the trial. And further: that either way, this does not help her, because the slower she was traveling, the more time and distance she had to observe the plaintiff and avoid striking her. This argument is based on the fallacy so prevalent in cases of this kind: that of basing a hypothesis on a view of the evidence favorable to one's own purpose and desires. This invades the province of the jury, whose prerogative it was to decide what evidence to believe.[2] They appear to have accepted the defendant's version: that, instead of being within the defendant's field of vision, the plaintiff ran abruptly and unexpectedly into the pathway of defendant's car.

---

1. The later adopted Comparative Negligence Act, Chapter 209, S.L.U.1973 (now sections 78-27-37 et seq., U.C.A.1953) is not involved here.

2. Where the evidence is in conflict we assume the jury believed that which supports its verdict; and we review the record in that light; See *Morris v. Christensen*, 11 Utah 2d 140, 356 P.2d 34.

Plaintiff complains of the refusal of the trial court to give a requested instruction that this was a residential area and that the driver had a duty to exercise care for the presence of children reasonably to be expected in or near the street in such an area. It is not necessary that the court identify and mention each possibility separately. The situation was fairly and amply covered by the court's instructions. They included the standard definition of negligence: that the driver must exercise the degree of care which a reasonable and prudent person would under the circumstances; and that he must have due regard for the existing conditions of the road, the traffic thereon, the actual and potential hazards; and must keep a proper lookout, and control of her car.

In addition to what is said about the prerogatives of the jury, there is the further proposition that the trial court reviewed this case and the arguments of counsel in connection with his decision to deny the motion for a new trial. This court has always recognized that the trial court has considerable latitude of discretion in the granting or denying of a motion for a new trial in accordance with his judgment as to what the ends of justice require; and that his rulings thereon should not be overturned unless it appears that his action clearly transgressed reasonable bounds of discretion.[3]

This case falls within the ruling we have heretofore announced: that the purpose of the trial is to afford the parties a full and fair opportunity to present their evidence and their contentions and to have the issues in dispute between them determined by a jury; and that when that has been accomplished we will not disturb the determination made by the jury and the trial court unless it is shown that there was substantial and prejudicial error which prevented a fair trial, or that there is no substantial basis in the evidence upon which reasonable minds could conclude as the jury did. We find no such circumstances to exist here.

Affirmed. Costs to defendant (respondent).

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

---

3. See *Geary v. Cain*, 69 Utah 340, 235 P. 416; *Gordon v. Provo City*, 15 Utah 2d 287, 391 P.2d 430.