Matilda Darlene CARDON, Plaintiff and Appellant,

v.

Joseph M. BRENCHLEY, Fay Brenchley, and Craig Anderson Brenchley, Defendants and Respondents.

No. 14873.

Supreme Court of Utah.

Jan. 25, 1978.

---

15. *Bambrough v. Bethers,* Utah, 552 P.2d 1286 (1976).

16. *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 46 L.Ed.2d 84 (1966).

George K. Fadel, Bountiful, for plaintiff and appellant.

Philip R. Fishler, Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Plaintiff Matilda D. Cardon sued the defendant Craig A. Brenchley[1] for personal injuries and damages suffered in a collision between their automobiles on the afternoon of October 5, 1969, at about 7400 West and 900 South in West Ogden. Upon a plenary trial of the issues, a jury returned a verdict of no cause of action and the plaintiff appeals.

On appeal the presumptions are in favor of the jury verdict and the judgment; and in deference to the prerogative of the jury as the finders of the fact, we are obliged to assume that they believed those aspects of the evidence that support their verdict, and we so review the facts.[2]

On the afternoon in question, the defendant with two passengers, Kent Peterson and Gordon Coy, was driving east on 900 South at about 70 miles per hour. As defendant was about ½ mile to the west, plaintiff stopped at the intersection of 7500 West, then also proceeded east along 900 South, traveling in the same direction as the approaching defendant, for about one block; she then turned on her left-turn signal and began to turn left (northward) when the defendant's car came alongside and collided with hers.

The defendant testified that he saw the plaintiff's car enter the highway and that he began to slow down to about 60 miles per hour. He also stated that, as he approached the plaintiff's slow-moving vehicle, he saw her right-turn light signaling and her car moving toward the right side (southside) of the road. He then attempted to pass her on the left, but when he was one or two car lengths behind her, she turned left and the collision occurred. Although the defendant stated that he did not see the plaintiff signal for a left turn, Mr. Peterson testified that when they were ½ block be-

---

1. The defendant's parents, Joseph M. and Fay Brenchley, were joined in this action because they had signed the defendant's application for a driver's license and also allowed him to use the family automobile.

2. *Lee v. Howes,* Utah, 548 P.2d 619 (1976); *Whyte v. Christensen,* Utah, 550 P.2d 1289 (1976).

hind the plaintiff, her right turn signal flashed twice and then, when they were about a car length away, the plaintiff's left turn signal flashed.

■ It is true that our statutes provide that driving in excess of certain stated speeds is prima facie evidence that such speed is greater than that which is reasonable and prudent under the circumstance;[3] and it is also true that this may constitute prima facie evidence of negligence.[4] However, that is not conclusive. The overriding principle governing negligence is the exercise of the degree of care which an ordinary, reasonable and prudent person would exercise under the circumstances.[5] In order for the plaintiff to recover she must show that the defendant was negligent in failing to exercise that degree of care; and also that his negligence was the proximate cause of the collision.

There is no doubt that if the plaintiff's evidence were accepted and looked upon favorable to her contentions, the jury verdict and judgment would be highly questionable. But that is not in conformity with our duty under the standard rule of review quoted above, which requires us to assume that the jury believed the evidence and drew those inferences favorable to the defendant's version of this accident.

In the circumstances shown there is a basis in the evidence upon which reasonable minds acting fairly thereon could remain unconvinced of those propositions. Particularly, that it was not any negligence of the defendant which was the proximate cause of the collision.[6] This is so because of the evidence that plaintiff failed to observe defendant's car approaching from the rear (west) and she unexpectedly turned left (northward) into its pathway.

■ The plaintiff confronted the trial court with the same contentions and arguments, and notwithstanding his broad prerogatives in granting a new trial if he thinks an injustice has resulted, he denied plaintiff's motion. Due to the advantaged position of the trial court to judge the credibility of the witnesses and the evidence, when the contention of error and the motion for a new trial is based on claimed inadequacy of the evidence to justify the verdict, that contention addresses itself in the first instance to the judgment of that court. Correlated to this are the further rules that the granting or denying of a motion for a new trial rests largely within his discretion;[7] and that his ruling thereon may be considered as giving some added solidarity to the verdict and judgment.[8]

For the reasons stated herein, we do not find any justifiable ground for reversing the judgment.

Affirmed. Costs to defendant (respondent).

ELLETT, C. J., and WILKINS and HALL, JJ., concur.

MAUGHAN, Justice (dissenting):

The deference due to the prerogatives of the jury and the trial court are duly appreciated. Nevertheless, on review this Court has a function to perform. When the evidence is such that all reasonable minds must necessarily find one way, then the ruling should be made by the trial court, or by this Court, as matter of law. In my view the evidence here is such that all reasonable minds should be impelled to the conclusion the defendant was guilty of neg-

---

3. Chap. 52, Sec. 36, S.L.U. 1941, found in our code as 41–6–46(2).

4. *Jensen v. Utah Light & Ry. Co.,* 42 Utah 415, 132 P. 8 (1913).

5. *Evans v. Stuart,* 17 Utah 2d 308, 410 P.2d 999 (1966); *Rice v. Eriksen,* 476 P.2d 579 (Colo. App.1970).

6. This accident occurred prior to the enactment of our comparative negligence statute, Chap.

209, Sec. 1, S.L.U. 1973, which is found in our code as U.C.A., Sec. 78–27–37.

7. *Moser v. Zion's Co-op Mercantile Inst.,* 114 Utah 58, 197 P.2d 136 (1948); *Pollesche v. Transamerican Ins. Co.,* 27 Utah 2d 430, 497 P.2d 236 (1972).

8. See *Geary v. Cain,* 69 Utah 340, 255 P. 416 (1927); *Prince v. Peterson,* Utah, 538 P.2d 1325 (1975).

ligence, which was the proximate cause of the collision, and of the injury and damage to the plaintiff. I would therefore reverse the judgment.