**Linda SCHMIDT, Plaintiff and Appellant,**

v.

**INTERMOUNTAIN HEALTH CARE, INC., Defendant and Respondent.**

**No. 17113.**

Supreme Court of Utah.

Aug. 31, 1981.

Richard Richards, Ogden, for plaintiff and appellant.

Allen M. Swan, Salt Lake City, for defendant and respondent.

DEE, District Judge:

Plaintiff sued defendant alleging negligence on the part of a nurse employed by defendant in performing a catheterization. Plaintiff appeals following a jury verdict for defendant. We affirm.

Plaintiff was admitted to a hospital owned and operated by defendant. Subsequent to her hysterectomy, it was necessary for her to be catheterized on a number of occasions to allow evacuation of the bladder. In the catheterization procedure, a tube is inserted through the urethra into the bladder allowing the urine in the bladder to be drained through a rubber tube into a plastic bag. The tube can be taped to the body, allowing the patient to walk about with the apparatus in place. The catheterization which gave rise to this lawsuit was the twelfth performed on plaintiff during that hospital visit. Plaintiff testified as follows: Upon the performance of the catheterization in question, she experienced unusual pain. She rang for a nurse, complained of the pain, and was advised to go for a walk. She took a walk down the hall to the room of another patient. While there, she experienced considerable pain and lightheadedness and needed help returning to her own room. The other patient testified that the bag attached to plaintiff to catch the urine from the evacuation of the bladder had filled with fresh blood. However, plaintiff's chart indicated neither a blood-filled bag, nor unusual pain as testified to by the plaintiff. Plaintiff brought this suit seeking recovery for her recurrent urinary difficulties, which she alleges were caused by the negligent catheterization performed by defendant's nurse. These difficulties include inability to void and susceptibility to infection, which have necessitated frequent medical attention and caused her continual distress and difficulty in holding employment. After hearing evidence by both sides, the jury returned a verdict for defendant, finding negligence on the part of defendant but no proximate cause.

On appeal, plaintiff argues that a new trial should have been granted under Rule 59, U.R.C.P. Rulings on motions for a new trial are addressed to the sound discretion of the trial court. Orders granting or denying motions for a new trial will not be reversed by this Court unless there has been a manifest abuse of discretion. *Smith v. Shreeve*, Utah, 551 P.2d 1261 (1976); *Lee v. Howes*, Utah, 548 P.2d 619 (1976); *Pollesche v. Transamerican Insurance Company*, 27 Utah 2d 430, 497 P.2d 236 (1972).

Plaintiff first asserts that there was insufficient evidence to support the jury's finding of no proximate cause. U.R.C.P., 59(a)(6).[1] Her evidence included the testimony of two medical doctors,[2] both specialists in urology, who had examined and treated plaintiff subsequent to her hospitalization for the hysterectomy. Their testimony supports plaintiff's contention that her urinary problems were attributable to an abscess caused by the catheterization performed by defendant's employee. Defendant's expert witness, also a urologist, had not personally examined plaintiff but based his opinion on study of her medical records, the depositions of plaintiff and one of her expert witnesses, and his training and past experience. Though defendant's witness agreed that plaintiff's difficulties were attributable to an abscess, he testified that the type of catheter used was too flexible to pierce a normal urethral wall and cause an abscess. In his opinion, the abscess was caused by a hematoma (a collection of blood in the tissues) which had formed subsequent to surgery and would not necessarily have been visible upon examination. There was clearly a conflict in the testimony, plaintiff's witnesses testifying that the alleged negligence of defendant's nurse was the cause of plaintiff's urinary difficulties, and defendant's witness testifying that a hematoma subsequent to the hysterectomy was the cause of the condition. Since reasonable minds could have found as the jury did based on the evidence before it, this Court cannot say that the trial court abused its discretion in denying a new trial based on insufficiency of the evidence.

Plaintiff asserts that the jury's finding of negligence with no finding of proximate cause is inconsistent and against law. U.R.C.P., 59(a)(7).[3] Her contentions are without merit. In order to recover for the negligence of a medical practitioner, a plaintiff must prove that 1) there was negligence and 2) the negligence was a proximate cause of the plaintiff's injury. *Huggins v. Hicken*, 6 Utah 2d 233, 310 P.2d 523 (1957); *Anderson v. Nixon*, 104 Utah 262, 139 P.2d 216 (1943) (overruled on other grounds). There is nothing unlawful or inconsistent in a jury's finding that while a defendant is negligent, his negligence did not proximately cause the plaintiff's injury. Here, not only could the jury have found that the urinary difficulties were not caused by the catheterization, but it is not clear that the catheterization, rather than some other act or omission, formed the basis for the finding of negligence.

Plaintiff also argues that she should have been granted a new trial under U.R.C.P., Rule 59(a)(1)[4] because she was prevented from having a fair trial by defendant's violation of her motion in limine. Prior to the time of trial, plaintiff's counsel filed a motion in limine to limit inquiry into past medical treatment of plaintiff. Counsel was concerned about confusing the jury

---

1. U.R.C.P., 59(a)(6) states in part:
   [A new trial may be granted for]
      (1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion by which either party was prevented from having a fair trial.
         *   *   *   *   *   *
      (6) Insufficiency of the evidence to justify the verdict or other decision, or that it is against the law.

      (7) Error in law.

2. One of plaintiff's two expert witnesses was not present at the trial, but his deposition was read.

3. Supra, note 1.

4. Supra, note 1.

with regard to past medical treatment, particularly an intestinal bypass operation undergone by plaintiff for weight control. Though the court never made a formal ruling on the motion in limine, the matter was discussed by both counsel with the court; at that discussion, defendant's counsel stated that he did not intend to refer to the intestinal bypass operation or other irrelevant medical conditions of plaintiff, but that he did intend to bring up the matter of obesity as a possible cause of plaintiff's susceptibility to infection. At trial, upon direct examination of one of defendant's nurses by counsel for defendant, the following exchange took place:

Q. All right. When you say you have taken care of the patient before, you mean on a different hospitalization?

A. Two different hospitalizations, same floor.

Q. So that you know Linda Schmidt?

A. From taking care of her before.

Q. And when you say before, how long before?

A. The last two hospitalizations that she was in I took care of her on both times, and I identified with her for certain reasons, and this is why I remember her.

Q. Why did you identify with her?

A. Well, we both had the same type of intestinal bypass for weight control.

MR. RICHARDS: Your Honor, I want to make an objection here, and I think counsel's absolutely wrong in this approach, and we've already discussed that in my motion in limine. That was the whole purpose of that, and he knew darn well that this witness was going to testify to it.

THE COURT: It's all right. Go ahead. Pass it.

A. Pardon?

Q. Pick up where you started.

A. Okay. In my nine years of nursing probably I do get rather close to my patients, and I do identify, perhaps hoping to have compassion with pain, etc., and especially if I have had the same problem or situation; and personal prob-

lems that Linda had or expressed to me, because I did on those previous times spend time talking to Linda and comparing certain situations. I also have had bladder repair which I had before she had hers, and so when she would—

MR. RICHARDS: (interposing) Your Honor, I have got to object to this.

THE COURT: Just a moment. Hold it. It is unnecessary, counsel. Start her at the next point.

Plaintiff now asserts that this mention of her past medical treatment was an irregularity that prevented her from having a fair trial. Because his position allows him to hear the remarks of the attorneys and the witnesses, view the jury, and observe the general mood in the courtroom, the trial judge is the one especially well-suited to evaluate whether this rather brief and perhaps inadvertent mention of the earlier bypass operation affected the jury. The fact that plaintiff's medical record, including four references to the bypass operation, had been admitted into evidence without objection is an additional indication that the mention of the bypass operation did not prevent plaintiff from having a fair trial. We have examined the record and do not find that the trial judge abused his discretion in denying plaintiff's motion for a new trial on this ground.

We affirm.

HALL, C. J., and STEWART and HOWE, JJ., concur.

MAUGHAN, J., heard the arguments, but died before the opinion was filed.

OAKS, J., having disqualified himself, does not participate herein; DEE, District Judge, sat.