48 P.3d 257 (2002)
2002 UT App 159
STATE of Utah, in the interest of A.W., S.W., B.W., and A.W., persons under eighteen years of age.
M.W. and C.W., Appellants,
v.
State of Utah, Appellee.
No. 20010289-CA.
Court of Appeals of Utah.
May 16, 2002.
*258 Nelson Abbott and Amy Clayton, Abbott, Spencer & Smith LLC, Provo, for Appellants.
Mark L. Shurtleff, Attorney General, and John Peterson, Attorney General's Office, Salt Lake City, for Appellee.
Martha Pierce, Salt Lake City, Guardian Ad Litem.
Before Judges BILLINGS, BENCH, and THORNE, JJ.

MEMORANDUM DECISION
BENCH, Judge:
¶ 1 The State, in its petition, alleged that A.W. was abused or neglected by her parents. At the conclusion of the trial, the juvenile court found that the State had not proved by clear and convincing evidence that A.W. was abused or neglected. The juvenile court went on, however, to conclude A.W. was dependent through no fault of the parents because there were "significant problems" between A.W. and her parents. The parents argue that the juvenile court erred in making this determination because it was never alleged or argued that A.W. was dependent.
¶ 2 The State counters that the court's findings were appropriate in that the pleadings may be amended through express or implied consent to conform to the evidence, pursuant to rule 15(b) of the Utah Rules of Civil Procedure. Rule 15(b) provides, in part, that "[w]hen issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Utah R. Civ. P. 15(b). The dissent concludes that there was sufficient evidence presented for the trial court to find dependency. Our careful review of the record, however, indicates that the State's evidence throughout the trial was presented only to prove A.W.'s abuse or neglect. At no time did the State establish, or even argue, that A.W. was "homeless or without proper care through no fault of [her] parent, guardian, or custodian." Utah Code Ann. § 78-3a-103(h) (Supp.2001). Therefore, we cannot conclude that the parents had adequate notice of the dependency claim such that they could be expected to defend against it.
¶ 3 "The purpose of an amendment to conform to proof is to bring the pleadings in line with the actual issues upon which the case was tried." General Ins. Co. of America v. Carnicero Dynasty Corp., 545 P.2d 502, 506 *259 (Utah 1976). The State did not allege in the petition that A.W. was dependent and the parties did not consent, either expressly or impliedly, to an amendment of the pleadings. The evidence presented at trial conforms only to the issues of neglect and abuse. Therefore, we conclude that the juvenile court exceeded its discretion in ruling that A.W. was a dependent child.
¶ 4 The State and Guardian ad Litem argue that because A.W., the minor at issue in this case, has now reached the age of majority, the appeal is moot because "there is no relief which this Court can grant which would affect Appellants' rights." While it is true that our decision in this appeal can have no effect on the custody status of A.W., the State acknowledged in oral argument potential "collateral legal consequences" for A.W.'s parents. Duran v. Morris, 635 P.2d 43, 45 (Utah 1981). For example, the parents may remain liable for support payments to the Office of Recovery Services for the time of A.W.'s placement out of the home. Also, records of the dependency adjudication in the Division of Child and Family Service's internal database may have ramifications on future investigations or adjudications involving the parents. Thus, the appeal is not moot.
¶ 5 Accordingly, we reverse the judgment of the juvenile court.
¶ 6 I CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge.
THORNE, Judge (dissenting):
¶ 7 I respectfully dissent from the majority opinion. I cannot agree with the majority's conclusion that, under these circumstances, the juvenile court acted improperly. Rather, I would conclude that the court acted properly in attempting to accomplish its unstated goal: facilitating the eventual return of A.W. to the family home. The court's decision prevented A.W. from having to choose between returning to a place that she repeatedly and unswervingly asserted was unsafe for her, and self-emancipating (running away) thereby forcing her to fend for herself in extremely risky circumstances.
¶ 8 The juvenile courts are certainly familiar with the nearly impossible task of successfully forcing a seventeen-year-old girl into any placement situation against her will, regardless of the threat of court sanction.[1] Here, instead of attempting to force A.W. into just such a situation, the court decided to assist in resolving the underlying issues that existed within the family, rather than ignore them and present A.W. with a proverbial Hobson's choice.
¶ 9 While I acknowledge that the petition did not explicitly allege dependency as one of the causes of action, I also firmly believe that the evidence presented supports the juvenile court's conclusion. The juvenile court's inability to determine whether specific instances of abuse had actually occurred should not be dispositive in this instance, nor should the absence of the term dependency in the petition. After examining the record, I would conclude that the State presented sufficient evidence at the hearing to support a finding of dependency pursuant to Utah Code Ann. § 78-3a-104(1)(c) (1996 & Supp.2001), as found by the juvenile court. I would also conclude that A.W.'s parents were presented with adequate notice and an opportunity to respond to the facts surrounding the dependency issue, and in fact did so, thereby supporting the State's argument that the parents either expressly or impliedly agreed to try the issue. In drawing this conclusion, it is essential to note that the facts supporting the dependency finding are grounded in the same facts that the parties thoroughly explored in addressing the abuse allegation.
¶ 10 The juvenile court found A.W., a seventeen-year-old girl with little or no history of acting out, to be a dependent child, and thus continued the out-of-home placement. The evidence certainly made it clear to the court that a fundamental breakdown in A.W.'s family unit had occurred when A.W., for reasons as yet unknown, felt it necessary to allege that her father had subjected her to *260 physical abuse. When faced with insufficient evidence to determine whether abuse had occurred, but sufficient evidence to support a finding of dependency, the trial court carefully crafted its order to shield the parents from fault. The juvenile court concluded that a problem existed that might threaten A.W.'s successful reintegration into the family home. Therefore, the court attempted to formulate a solution beneficial to all parties. The court ordered all parties into immediate counseling with the stated purpose being not only to remedy and expedite the short-term placement issue, but also to attempt to further the long-term family relationship.
¶ 11 In my view, the evidence presented clearly supports the juvenile court's conclusion. Without the State's intervention, A.W. was in danger of becoming a homeless child without the proper care of a parent or guardian, thereby satisfying both the spirit and the letter of the statutory requirement. See id.
¶ 12 I therefore dissent.
NOTES
[1] See, e.g., The National Coalition for the Homeless, Homeless Youth: Fact Sheet # 11 (1999), at http://nch.ari.net/ youth.html (April 1999); U.S. Department of Health and Human Services, Division of Family and Youth Services Bureau, Frequently Asked Questions, at http:// www.acf.dhhs.gov/ programs/fysb/faq.htm (August 3, 2001).