## CURTIS R. KELSEY v. CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY.

117 N. W. (2d) 559.

October 19, 1962—No. 38,407.

*Stringer, Donnelly & Sharood* and *Richard A. Rohleder,* for appellant.

*Yaeger & Yaeger* and *J. H. Hill,* for respondent.

ROGOSHESKE, JUSTICE.

This is an action for personal injuries and property damages resulting from a collision of a truck driven by plaintiff with a railroad tie belonging to the defendant. After a jury verdict for defendant, the trial court made an order granting plaintiff a new trial and defendant appeals therefrom. The question of the appealability of the order was before us recently.[1] We remanded for clarification of the basis of the order, and the trial court responded by declaring that it was based exclusively upon an error of law. Accordingly a review on the merits is required.

The facts are simple and the evidence is without substantial dispute. The accident occurred on December 5, 1959, shortly after 11 p. m. in Newport, Minnesota, where Third Street crosses defendant's railroad tracks. This is a sparsely populated area in more or less rural Washington County. Plaintiff, after leaving his dry-cleaning establishment and stopping for two drinks, was proceeding south on Third Street toward the crossing. He was driving his business truck and was accompanied by a friend. It was cloudy and there was some snow on the ground. The street upon which plaintiff was traveling ran parallel to the railroad tracks and then made a turn and on somewhat of a downgrade proceeded into the crossing. Plaintiff was very familiar with the highway and crossing. As he approached the crossing he slowed down, and when 6 to 10 feet from the tracks, his truck hit a railroad tie which was in the middle of his lane of travel. He was injured and his truck was damaged.

During the summer and early fall, defendant had been working upon its right-of-way and had piled some ties thereon which were presumably discarded as a result of the repair work. All of such dis-

---

[1] Kelsey v. Chicago, R. I. & P. R. Co. 262 Minn. 219, 114 N. W. (2d) 90.

carded ties had not been removed from the right-of-way. The number, location, and condition of the ties, except that some of them were partially burned, are not disclosed by the evidence. At 8 o'clock and again at 9 o'clock the night of the accident, two other travelers approaching this crossing were required to remove a tie from the traveled portion of the roadway. One of these travelers was an employee of defendant. Plaintiff had observed the defendant's construction work in progress during the summer and in his frequent travels over the crossing had observed "ties in the vicinity of the crossing." On a previous occasion, 3 weeks prior to the accident, plaintiff saw a tie in the roadway and caused it to be removed. Plaintiff's brother, a school-bus driver traveling over the crossing four or five times a day, saw ties in the roadway "more than once" more than a month before the accident. None of these previous incidents where ties were obstructing the roadway was reported to defendant.

A witness for defendant admitted that it was not "good practice" to leave ties lying about the right-of-way. However, it was not established that defendant ever had notice that any discarded ties were being tampered with by being placed upon the highway or otherwise.

After a denial of defendant's motion for a directed verdict, under instructions to which neither party had objected, the issues of negligence, causation, and contributory negligence were submitted to the jury.

Upon plaintiff's motion, the trial court granted a new trial, acknowledging that "an error of law was committed by the court in failing to instruct the jury with respect to the applicability of Section 616.01, M. S. A., as requested by plaintiff's counsel" and, in further explanation, that a violation of the statute "would constitute negligence per se and leave for the jury, upon additional instructions, the issue of proximate cause."

Three questions are presented: (1) Was there error in the trial court's failure to instruct specifically on the substance and effect of Minn. St. 616.01, our public nuisance statute? (2) Was there error in submitting the defense of contributory negligence? (3) Was there error in admitting evidence of the amount of money plaintiff received in settlement of an earlier, similar injury to his person?

The first of these questions is raised by the trial court's order. The other two are offered by plaintiff to support the order by showing other errors. Storey v. Weinberg, 226 Minn. 48, 31 N. W. (2d) 912.

1. Plaintiff claims that the court should have referred specifically to the statute and permitted the jury to find a violation by defendant. The pertinent provisions of § 616.01 are:

"A public nuisance is a crime against the order and economy of the state and consists in unlawfully doing an act or omitting to perform a duty, which act or omission shall:

\* \* \* \* \*

"(3) Unlawfully interfere with, obstruct, or tend to obstruct or render dangerous for passage, a \* \* \* highway."

After carefully instructing concerning the duty of the defendant to exercise reasonable care to prevent any of its ties from obstructing a public highway, the court instructed the jury:

"It is a criminal offense in this state to obstruct a public highway, whether it be by a railroad company or by any other person. You are instructed, however, that the act of a third person in committing an intentional crime is a superseding cause of harm to another resulting therefrom even though the railroad's conduct may be found to be negligent in creating a situation which afforded such an opportunity to the third person to commit such crime, unless the railroad at the time of its negligent conduct should have realized the likelihood that such a situation might be created thereby and that a third person might avail himself of the opportunity to commit such a crime."[2]

Plaintiff argues that the evidence permitted a finding that the defendant violated the statute as its conduct had a "tendency" to obstruct the highway. Since the jury was not so instructed in the words of the statute, he contends they were not given a proper statement of the law. Defendant contends that any duty created by the statute was fully covered by the charge.

---

[2] This portion of the charge quotes almost verbatim Restatement, Torts, § 448.

Our examination of the instructions leads us to conclude that the statutory language would have added nothing to the trial court's instruction on the duty which both the common law and the statute imposed upon defendant. Plaintiff's argument fails to distinguish between an intentional and a negligent violation of the statute. Although a public nuisance may arise through negligent conduct, by far the greater number of cases supporting liability to a private person suffering special damage from the creation or maintenance of a public nuisance consist of intentional misconduct.[3] This is not such a case. At most the evidence would only support a negligent violation. The duty of defendant to use reasonable care to prevent any of its discarded ties from tending to obstruct a public highway and thereby causing injury to travelers is established both by the common law and the statute. Under the facts before us the statutory duty and the common-law duty are identical. We fail to see how referring to the statute specifically would have added to the clarity of this part of the court's charge.

The cases relied on to support the court's order all deal with intentional misconduct in obstructing a highway. In Holly v. Bennett, 46 Minn. 386, 49 N. W. 189, liability was upheld where defendant had placed a pile of lumber on the street, and plaintiff's child was injured when a stick of timber fell. In Rothenberger v. Powers Fuel, F. T. & S. Co. 148 Minn. 209, 181 N. W. 641, defendant had placed a skid in the public alleyway and plaintiff recovered for the death of a boy injured when it fell upon him while he was playing with it. In Hanson v. Hall, 202 Minn. 381, 279 N. W. 227, strikers who deliberately set up a roadblock were held to have violated the statute. The holding in Flaherty v. G. N. Ry. Co. 218 Minn. 488, 16 N. W. (2d) 553, is that recovery is permitted to one sustaining injury as a result of a railroad's intentional obstruction of a crossing.

---

[3] See cases discussed *infra;* H. Christiansen & Sons, Inc. v. City of Duluth, 225 Minn. 475, 31 N. W. (2d) 270; 14 Dunnell, Dig. (3 ed.) § 7240. A nuisance may at the same time be a public and a private nuisance, public in its general effect upon the public and private as to those who suffer special damage. See, Hill v. Stokely-Van Camp, Inc. 260 Minn. 315, 319, 109 N. W. (2d) 749, 752.

Here defendant neither intentionally moved the tie into the highway nor, after actual knowledge that others were tampering with its ties, persistently failed to take precautions against the anticipated danger. Thus the evidence was clearly lacking to establish that the character of defendant's conduct was intentional.[4] The proof limited plaintiff's theory of liability to simple negligence. It was so submitted, the trial court agreeing over defendant's objections that the evidence was sufficient to support a jury finding that defendant was negligent in failing to anticipate and take precautions against criminal intermeddling with its discarded ties. That this was a more favorable view of the evidence than plaintiff was entitled to, as defendant insisted, may be demonstrated by Restatement, Torts, § 302, *illustrations* 21 and 22.

We hold that the trial court fully and adequately submitted the case on the only theory upon which plaintiff could base liability and there was no error in failing to specifically refer to the public nuisance statute in the charge.

2. Plaintiff similarly misperceives the character of defendant's conduct, in urging error in submitting contributory negligence. Our cases involving obstructions to a highway in violation of the public nuisance statute, relied upon by plaintiff, make it manifestly clear that only where the obstruction is willful or intentional is the defense of contributory negligence unavailable.[5] The holding of the Flaherty case was (218 Minn. 494, 16 N. W. [2d] 556):

"* * * Where injury is sustained as the result of intentional obstruction of a highway in violation of the statute, the contributory negligence of the person injured is no defense."

Nor does the statute by its terms or previous construction exclude this defense. In Schutt v. Adair, 99 Minn. 7, 9, 108 N. W. 811, 812, we stated:

---

[4]Prosser, Torts, § 70, p. 391.

[5]Hanson v. Hall, 202 Minn. 381, 279 N. W. 227; Flaherty v. G. N. Ry. Co. 218 Minn. 488, 16 N. W. (2d) 553. See, also, 14 Dunnell, Dig. (3 ed.) § 7280a; Prosser, *Contributory Negligence as Defense to Violation of Statute*, 32 Minn. L. Rev. 105.

"* * * Though the violation of a statutory duty may constitute negligence per se and actionable if injury result therefrom, nevertheless, statutes imposing such duties are not so construed as to abrogate the ordinary rules of contributory negligence, unless so worded as to leave no doubt that the legislature intended to exclude the defense."

Consistent with this rule, in the case of Dart v. Pure Oil Co. 223 Minn. 526, 27 N. W. (2d) 555, 171 A. L. R. 885, it was held that unless the statute imposing the duty specifically excludes the defense of contributory negligence it should be available. In that case this court noted that the Hanson and Flaherty cases disallowed the defense of contributory negligence on the ground that the tort was willful and intentional.

Based upon the foregoing holdings together with the evidence in the case the trial court was obliged to and properly did submit the defense of contributory negligence.

3. Plaintiff urges that the order granting a new trial should be sustained on the ground that the trial court erroneously admitted evidence of the amount of money plaintiff received in settlement of an earlier, similar injury. It was established that in 1958, plaintiff had been in defendant's employ and that as a result of an injury, plaintiff resigned from his employment and was paid $15,000 in settlement of all claims arising out of that earlier injury. The earlier injury was to the same area of plaintiff's back as the injury for which he now claims recompense.

Plaintiff contends that the admission of the recovery was inadmissible and prejudicial under Zuber v. N. P. Ry. Co. 246 Minn. 157, 74 N. W. (2d) 641. Defendant answers that the evidence was admissible on the issue of damages on plaintiff's claim for an aggravation of a preexisting injury. We agree with defendant. The record is clear that such evidence was not injected to show fraud as in McGuire v. Village of Caledonia, 140 Minn. 151, 167 N. W. 425, L. R. A. 1918D, 943, nor was it unrelated to the amount of damages as in insurance recovery cases such as Prescott v. Swanson, 197 Minn. 325, 267 N. W. 251. The instructions of the trial court clearly submitted a claim by plaintiff for aggravation of a preexisting injury to his back. In view

56

of this, it was perfectly proper for defendant to bring out before the jury, in mitigation of that claim, the nature and extent of plaintiff's previous back injury. This would include the amount that he was paid in settlement therefor. What influence adverse to plaintiff this evidence may have had is indeed speculative since the jury need not have reached the question of damages. If there was any adverse influence, any such effect could have been diminished or erased if plaintiff had availed himself of the opportunity he had to explain the precise nature of his previous injury as well as the terms of the settlement. Applying the rule of relevancy in admitting evidence. is an exercise of discretion by the trial court. We find no prejudicial abuse of such discretionary power which would justify a new trial in this case.

Order granting a new trial for error of law reversed and the jury verdict reinstated.