**Thomas Wayne McCLOUD, Plaintiff and Appellant,**

v.

**Maxine Lowe BAUM, Defendant and Respondent.**

No. 14817.

Supreme Court of Utah.

Sept. 26, 1977.

Don R. Peterson, Provo, for plaintiff and appellant

Dallas H. Young, Jr., Ray H. Ivie, Provo, for defendant and respondent.

MAUGHAN, Justice.

Plaintiff brought this action, to recover for personal injuries and property damage, sustained in an intersection collision. The issues of liability and damages were submitted to a jury, which found plaintiff one hundred percent negligent and defendant without negligence. The trial court rendered judgment in accordance with the verdict. Plaintiff appeals, and contends the trial court erred in its denial of plaintiff's motions for a directed verdict, judgment notwithstanding the verdict, or for a new trial. We affirm. No costs awarded. All statutory references are to U.C.A.1953.

This accident occurred in Provo, Utah on March, 28, 1974 at approximately 4 o'clock in the afternoon. Plaintiff was driving a motorcycle in an easterly direction on Center Street. Plaintiff, at a speed of 30 mph, was following a truck with a camper attached; as both vehicles traveled toward the intersection at 16000 West. As the truck approached the intersection, its left-turn signal was activated and the vehicle either slowed or stopped completely. Plaintiff testified he was approximately 30 feet behind the camper. He passed to the right of the camper and collided with the rear portion of defendant's vehicle.

Defendant was operating her vehicle in a westerly direction on Center Street. At the intersection, she stopped to make a left turn. At that time, the camper was not completely in the intersection. Defendant observed no cars following the camper. Both the camper and defendant proceeded into the intersection at approximately the same time to execute left turns. The evidence is conflicting as to whether the camper was stopped or moving in the intersection, at the time of the collision. Defendant testified plaintiff swung out around the camper and the collision occurred.

The investigating police officer testified the intersection was controlled by a flashing yellow light for east west traffic. The officer found defendant's vehicle just out of the intersection when he arrived at the scene. He testified that Center Street was a two lane roadway, and the travelled area of the east bound lane was fourteen feet wide.

Plaintiff left a skid mark fifty feet long. The mark began in an area fourteen feet, six inches south of the center line, at the edge of the traveled portion of the roadway, and extended at an eleven degree angle to a point nineteen feet, six inches south of the centerline; the point of impact. The evidence indicated that prior to his braking the machine, plaintiff was traveling 30 mph.

Measurements revealed defendant had traveled 43 feet, from the point where she commenced her left turn, to the point of impact. Her speed was between 5 mph and 8 mph; she left no skid marks. The investigating officer estimated the car travelled twelve feet after the collision. There was expert testimony based on the physical facts in evidence, indicating the feet per second each party was traveling at various designated speeds. It was calculated there would be an interval of 1.9 seconds during plaintiff's skid of fifty feet. Plaintiff testified he commenced braking as soon as he observed defendant turning left.

In reviewing denial of motions for a directed verdict, judgment n. o. v., or in

the alternative for a new trial, this court must view the evidence in the light most favorable to the party against whom the motion was made.[1]

■ In reviewing a trial court's exercise of discretion upon a motion for a new trial, this court examines the record to determine whether the evidence to support the verdict was completely lacking or was so slight and unconvincing as to make the verdict plainly unreasonable and unjust. If there be an evidentiary basis for the jury's decision, then the denial of the new trial must be affirmed.[2]

■ In reviewing a trial court's rulings pertaining to motions for a directed verdict or judgment n. o. v., this court reviews the evidence in the light most favorable to the non-moving party and to afford him the benefit of all inferences which the evidence fairly supports. If reasonable persons could reach differing conclusions on the issue in controversy, a jury question exists and the motion should be denied.[3]

■ With these principles in mind, we assess plaintiff's arguments. First, he contends defendant was negligent, as a matter of law, in failing to yield the right of way, and the trial court should have granted the motion for a directed verdict on that basis.

Plaintiff cites section 41–6–73, which provides:

The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, during the time when such driver is moving within the intersection.

He further contends, as a matter of law, he was in such close proximity to the intersection at the time defendant commenced her turn he constituted an immediate hazard. Based on the expert testimony in the record, the court could have found plaintiff was 225.56 feet from the intersection at the time defendant commenced her left turn. When this distance is considered with the other physical facts, viz., the intersection was controlled by a flashing yellow light and the single lane of travel was occupied by a large, slow moving vehicle, there was a question of fact as to whether a reasonable person, exercising due care, would have apprehended an immediate hazard in executing a left turn. The trial court properly submitted this issue to the jury.

Plaintiff further contends defendant was negligent, as a matter of law, in failing to keep a proper lookout. He argues that defendant's duty, which she failed to fulfill, was to move to a position where she could have observed plaintiff and to stop and to proceed only when it was safe to do so.

In *Klinzing v. Huck*[4] the court stated:

If a person, in making a left turn whether at an intersection or a private driveway, in front of an oncoming vehicle, makes the turn at a time when he cannot safely do so without danger of a collision, he is negligent. The important factor in this negligence is that he makes the turn without an efficient observation that he can complete the turn without collision.

It is incorrect, however, to reason from the fact of collision to the conclusion that there must have been negligence on the part of the left-turning driver. . . .

■ The court further observed that what is reasonable safety depends upon the facts in the particular case. An inference of negligence does not arise from the fact

---

1. It should be observed there is a clear distinction between a motion for a directed verdict, or judgment n. o. v.; and a motion for a new trial. The former raises the legal sufficiency of the evidence; the latter is addressed to the sound discretion of the trial court, which may set aside the verdict as contrary to the preponderance of the evidence, although directed verdict or judgment n. o. v. is not justified.

2. *Sloan v. Atlantic Richfield Company*, Alaska, 541 P.2d 717, 723–724 (1975).

3. *Bachner v. Rich*, Alaska, 554 P.2d 430, 436 (1976).

4. 45 Wis.2d 458, 173 N.W.2d 159, 163–164 (1970).

of collision alone involving a left-turning driver.

Under the particular facts of this case, reasonable minds could differ as to whether defendant exercised due care in executing a left turn. Defendant did not observe any traffic following the camper; the travelled portion of the single lane of opposing traffic was occupied by a slow moving vehicle; she did not anticipate a vehicle moving onto the shoulder of the road and passing the camper on the right through an intersection controlled by a flashing yellow light. Plaintiff does not contend defendant should have remained stationary until the camper had completed its turn. He merely contends there was some optimum vantage point within his lane of travel where defendant should have stopped and observed him. The trial court properly submitted the issues of defendant's asserted negligence to the jury.

In arguing his motions before the trial court plaintiff asserted he was not contributorily negligent as a matter of law. The trial court properly submitted this issue to the jury with an instruction setting forth the duty in section 41–6–56, viz, that a driver, overtaking and passing on the right, a vehicle making a left turn, shall pass only under conditions permitting such movement in safety; and in no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway.

In *Mitchell v. Knight*[5] the court stated that when a person approaching an intersection observes the traffic to his left has stopped, and his view of the intersection is not unobstructed; reasonable prudence dictates he slow down and proceed into the intersection with caution because of the likelihood the intersection has been blocked by a vehicle about to enter or cross that person's lane of traffic. Plaintiff's duty to approach this intersection with caution is further set forth in section 41–6–26(2), U.C. A.1953, since this crossing was controlled by a flashing yellow signal. Reasonable minds could reach different conclusions as to whether plaintiff was contributorily negligent, thus a question for the jury was established.

Finally the record does not substantiate plaintiff's claim the trial court abused its discretion in denying a motion for a new trial, since there is an evidentiary basis to sustain the jury verdict.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

5. Alaska, 394 P.2d 892, 895 (1964).