Sonja M. KING and Michael King, Plaintiffs and Appellants,

v.

Darrel LeRoy FEREDAY and Fereday, Inc., a Utah corporation, Defendants and Respondents.

No. 19681.

Supreme Court of Utah.

June 12, 1987.

Dale Potter, Murray, for plaintiffs and appellants.

Dennis Ferguson, and Pamela Hefferman, Salt Lake City, for defendants and respondents.

DURHAM, Justice:

Plaintiff Sonja King ("plaintiff") sued for injuries suffered after defendant Fereday's truck struck plaintiff's car and for aggravation of those injuries and for subsequent injuries arising out of a collision with Joe Barron. Plaintiff Michael King ("Mr. King") sued defendants for loss of consortium. Prior to trial, the judge dismissed Mr. King's action for failure to state a claim, severed this suit from the one brought by plaintiff against Joe Barron, and denied a part of plaintiffs' motion in limine. After trial, the jury found Fereday ("defendant") zero percent negligent and plaintiff one hundred percent negligent. The trial judge denied plaintiffs' motions for judgment notwithstanding the verdict and for a new trial. Both plaintiffs appeal the decisions below. We affirm.

Plaintiff and defendant were traveling south on Van Winkle Expressway on December 13, 1978. Both stopped at the red

light located at the 6100 South intersection. Plaintiff and defendant proceeded through the intersection when the light turned green. The traffic in front of plaintiff came to an abrupt stop, and she "hit her brakes" to avoid hitting the car in front of her. Defendant, who was directly behind plaintiff, could not stop in time and collided with plaintiff.

At the time of the accident, it was dark, the traffic was heavy, and the pavement was dry. The investigating officer estimated that defendant's speed was approximately two miles per hour at the moment of impact, basing this approximation on the amount of damage to the two vehicles. Defendant testified that he had not shifted out of first gear at the time of the collision, and plaintiff testified that defendant did not hit her car with sufficient force to move her vehicle forward.

Plaintiff had been involved in four car accidents before the 1978 accident. She suffered neck injuries as a result of the immediately preceding accident, but she testified that the symptoms had vanished prior to the 1978 accident. After the 1978 accident, however, she began to suffer neck pain and sought treatment from several physicians and therapists. She eventually underwent surgery and had almost fully recovered when Joe Barron collided with her in 1982.

## I

█ Plaintiff alleges first that the trial court erred in refusing to grant her motion for a judgment notwithstanding the verdict. A trial court should grant a motion for judgment notwithstanding the verdict if, after viewing the evidence in the light most favorable to the non-movant, it finds that no competent evidence supports the verdict. In reviewing the trial court's determination on such an issue, this Court must apply the same standard. *Gustaveson v. Gregg*, 655 P.2d 693, 695 (Utah 1982); *Mel Hardman Productions, Inc. v. Robinson*, 604 P.2d 913, 917 (Utah 1979); *McCloud v. Baum*, 569 P.2d 1125, 1127 (Utah 1977); *Winters v. W.S. Hatch Co.*, 546 P.2d 603 (Utah 1976). Plaintiff argues

that the trial court erred when it denied her motion because the record lacked evidence to support the jury verdict.

█ With respect to the jury's finding of zero percent negligence as to defendant, plaintiff argues that defendant's conduct constituted a violation of Utah Code Ann. § 41–6–62 (1981) and therefore constituted prima facie evidence of negligence which defendant failed to refute. Section 41–6–62 prohibits the following of a vehicle "more closely than is *reasonable and prudent,* having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." (Emphasis added.) Nothing in the record indicates, however, that any proceeding occurred that adjudicated whether defendant's conduct constituted a violation of the statute. Plaintiff's argument therefore assumes that the fact of the collision alone establishes a violation of the statute. In *McCloud v. Baum*, this Court held that a collision alone does not create an inference of negligence. *Id.* at 1127–28. Because the statute requires a showing of negligent conduct on the part of the person who allegedly violated the statute, plaintiff must prove the same lack of care in order to establish a violation of the statute as she must prove to establish her negligence case. Absent an adjudication of a violation in a prior proceeding, she cannot rely on the statute to establish negligent conduct on defendant's part.

█ Because the record does not indicate that defendant violated section 41–6–62, the only possible basis for error in denying plaintiff's motion for judgment notwithstanding the verdict is that the record lacks evidence to support the jury's determination of zero percent negligence with respect to defendant. In viewing the evidence in the light most favorable to defendant, we find that the record contains substantial evidence to support the jury verdict. The evidence indicated that the traffic stopped suddenly and plaintiff "hit her brakes" to avoid colliding with the car in front of her. She also testified that she told the investigating officer not to give defendant a ticket because the traffic was

so bad that "we could all have hit each other." All of this evidence and the inferences therefrom support the jury verdict of no negligence on defendant's part; therefore, the trial court did not err in refusing plaintiff's motion for judgment notwithstanding the verdict.[1]

Plaintiff next contends that the trial court abused its discretion in refusing her motion for a new trial. The trial court has discretion to grant or deny a motion for a new trial made pursuant to Utah Rule of Civil Procedure 59, and this Court will not reverse that decision absent an abuse of discretion. *Barson v. E.R. Squibb & Sons, Inc.*, 682 P.2d 832, 841 (Utah 1984); *Pollesche v. Transamerican Insurance Co.*, 27 Utah 2d 430, 433–34, 497 P.2d 236, 238 (1972). When the movant bases the motion on Utah Rule of Civil Procedure 59(a)(6), insufficient evidence to support the verdict, and the trial court denies the motion, this Court will reverse the denial only if "the evidence to support the verdict was completely lacking or was so slight and unconvincing as to make the verdict plainly unreasonable and unjust." *McCloud v. Baum*, 569 P.2d 1125, 1127 (Utah 1977). *See also Nelson v. Trujillo*, 657 P.2d 730, 732 (Utah 1982). As already indicated, the record contains substantial evidence to support the jury finding; therefore, we will not reverse the trial court's decision to deny plaintiff's motion for a new trial.

■ Plaintiff next argues that the trial court should have granted her motion for a new trial based on the alleged prejudicial error resulting from the trial court's use of defendant's jury instructions on unavoidable accident and unexpected peril and from the trial court's refusal to use plaintiff's requested instructions on liability admitted or determined as a matter of law and subsequent aggravation of injury. The record does not indicate that plaintiff objected to the use of or refusal to use the first three instructions. Utah Rule of Civil Procedure 51 precludes a party from assigning as error the "giving or the failure

to give an instruction" unless the party objects either before the court instructs the jury or after the court instructs but before the jury retires for deliberations. *Barson*, 682 P.2d at 837; *E.A. Strout Western Realty Agency, Inc. v. W.C. Foy & Sons, Inc.*, 665 P.2d 1320, 1322 (Utah 1983). The party claiming an error in the proceedings also bears the responsibility of assuring that "the record adequately preserves an objection or argument for review in the event of an appeal." *Barson*, 682 P.2d at 837 (citation omitted).

■ Although Utah Rule of Civil Procedure 51 empowers this Court to review the giving of or failure to give instructions "in its discretion and in the interests of justice" where counsel has failed to make a timely objection to the instructions, the aggrieved party must present a persuasive reason for the Court to invoke its discretion. *E.A. Strout Western Realty Agency, Inc.*, 665 P.2d at 1322. Plaintiff argues that the absence of the court reporter at the time of the objection resulted in the failure to preserve a record of the objection. According to the brief, the reporter's absence had the effect of preventing an objection to the instructions. The record indicates, however, that plaintiff's counsel had ample opportunity to have his objection to the jury instructions entered into the record. Before the jury returned to the courtroom for closing arguments and instruction and after the conference in the judge's chambers concerning the instructions, the judge gave counsel for both parties an opportunity to make motions and objections. Both parties moved for a directed verdict, the trial court denied plaintiff's requested instruction concerning aggravation of injury, and the court admitted a contested exhibit into evidence. The record indicates that at no time during this exchange did plaintiff's counsel attempt to have his objections concerning the first three instructions entered into the record. Because counsel had an opportunity to have these objections entered into the

---

1. Plaintiff has also challenged the jury verdict finding her one hundred percent negligent. In view of our holding on the judgment not withstanding the verdict issue, we do not reach this portion of the jury's verdict.

record, yet failed to do so, we will not exercise our discretion to consider the assignment of error.

■ As to plaintiff's requested and refused instruction concerning aggravation of injury, counsel submitted a memorandum in support of such an instruction. The memorandum, which is part of the record, preserves the assignment of error for appeal. We do not, however, consider the propriety of the trial court's ruling because any error in the refusal to give the instruction was harmless. This Court "may reverse a trial court judgment only if there is a reasonable likelihood that, absent the error, there would have been a result more favorable to the complaining party." *In re Estate of Kesler*, 702 P.2d 86, 96 (Utah 1985). *See also Cerritos Trucking Co. v. Utah Venture No. 1*, 645 P.2d 608, 613 (Utah 1982); *Watters v. Querry*, 626 P.2d 455, 459 (Utah 1981); *Lee v. Mitchell Funeral Home Ambulance Service*, 606 P.2d 259, 261 (Utah 1980). As we have already discussed, the jury found defendant not negligent. The requested and refused instruction went to the issue of damages. Because the jury found lack of negligence as to defendant, the issue of damages became irrelevant. Thus, the failure to give the requested instruction, if error, was harmless.

The harmless error rule also disposes of plaintiff's assignment of error concerning the trial court's refusal to grant her entire motion in limine. The trial court refused plaintiff's motion to exclude evidence about plaintiffs' marital difficulties, the tax consequences of a potential recovery, the characteristics of the defendant corporation, and the separate action pending against Joe Barron. The only allegations of prejudice arising from the ruling on the motion in limine go to the effect the evidence would have on the jury's assessment of damages. As with the alleged error in the requested jury instruction, the jury's finding of no negligence on defendant's part makes the issue of damages irrelevant; therefore, any error in the ruling on the motion in limine is harmless.

■ Plaintiff next assigns as error the severance of the causes of action against defendant and Joe Barron. Again, the harmless error rule disposes of this issue. The two accidents have no relationship to each other except to the extent they affected plaintiff's aggregate damages; therefore, the only prejudice possible would arise from the effect the severance would have on the jury's assessment of damages. The jury's finding of no negligence renders harmless any error in granting the severance.

In her brief, plaintiff alleges that the prejudice to her case arising out of the trial court's severance of the causes of action caused the jury to find defendant not negligent in order to avoid the difficult task of apportioning damages between defendant and Joe Barron. In order for this Court to accept this argument, we would have to engage in pure speculation as to the jury's motive in making its allocation of negligence between plaintiff and defendant. We decline to make such a speculation.

■ Finally, plaintiff assigns as error the trial judge's refusal to ask certain questions during the *voir dire* of the jury. Plaintiff requested questions to elicit information that would indicate juror bias against personal injury suits, large damages awards, and awards of specific kinds of damages and any connection the jurors might have with defendant's insurance carrier. In *Maltby v. Cox Construction Co.*, 598 P.2d 336 (Utah 1979), this Court held: "Matters of possible bias and prejudice on the part of the jury are within the sound discretion of the trial court, and its rulings on whether to question veniremen with respect thereto will not be disturbed on appeal unless it is demonstrated that the Court abused its discretion." *Id.* at 341. Plaintiff has failed to demonstrate an abuse of discretion in this case for two reasons. First, the trial judge indicated in his ruling on plaintiff's motion for the requested questions that in lieu of asking some of the requested questions, the trial judge would inquire if any juror had "stock ownership in a business, and, if so, the nature of the business." The trial judge

then indicated he would ask the name of the business if anyone indicated ownership in an insurance business. We also note that trial judges typically ask jurors about their occupations. These questions were sufficient to bring to light any connection a prospective juror might have had with defendant's insurance carrier.

█ Second, plaintiff failed to include in the record the questions actually asked during the jury *voir dire.* As a result, a determination that the trial court abused its discretion in its *voir dire* of the jury would require speculation on our part. Without a record of the *voir dire* questions actually asked, we cannot determine if the trial judge's questions denied plaintiff the information necessary to challenge biased jurors for cause.

## II

Mr. King assigns as error the trial court's dismissal of his claim against defendant for loss of consortium. The trial court dismissed this claim, holding that Mr. King had failed to state a cause of action. Our recent decision in *Hackford v. Utah Power & Light,* 740 P.2d 1281, (Utah 1987), disposes of this issue. The trial court properly dismissed Mr. King's claim.

We affirm.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

STEWART, A.C.J., concurs in the result.